**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| TIMOTHY O'NEAL EVANS, | : | |
| Plaintiff, | : | |
| vs. | : | CA 20-0484-KD-MU |
| THE CITY OF BAY MINETTE, AL, POLICE DEPARTMENT, et al., | : | |
| Defendants. | : | |

### **REPORT AND RECOMMENDATION**

This prisoner matter has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon Timothy O'Neal Evans' failure to prosecute and comply with the Court's order dated and entered October 6, 2020 (Doc. 3).

On September 29, 2020, Timothy O'Neal Evans filed a handwritten complaint in this Court that was construed by the undersigned to be a § 1983 action—as opposed to a habeas corpus action—because Plaintiff sought damages and sued numerous entities/individuals. (*See* Doc. 3, PageID. 41; *compare id. with* Doc. 1). And because Plaintiff did not file his complaint, nor his request to proceed *in forma pauperis* (*see* Doc. 2), on this Court's forms, an order was entered on October 6, 2020, instructing Evans "to complete and file this Court's current forms for a § 1983 complaint and for a motion to proceed without prepayment of fees." (Doc. 3, PageID. 40). The Order explained to Evans what was required of him in order to state a claim upon which relief may be granted in a

§ 1983 action (*id.,* PageID. 41-42) and also explained that release from incarceration is not an available remedy in a § 1983 action (*see id.,* PageID. 42-43). Evans was specifically warned that any "[f]ailure to comply with this Order within the required time or to notify the Court immediately of a change [of] address will result in the dismissal of this action for failure to prosecute and to obey the Court's order." (*Id.*, PageID. 43). To date, Evans has not responded to the Court's Order dated and entered October 6, 2020. (*See* Docket Sheet).

An action may be dismissed if a plaintiff fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *Wilson v. Sargent,* 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under § 1915 is a basis for dismissal); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Evans has not responded to the Court's Order dated October 6, 2020, instructing him to complete and file, by not later than November 3, 2020, this Court's current forms for a § 1983 action and for a motion to proceed without prepayment of fees and costs. (*Compare* Docket Sheet *with* Doc. 3). Therefore, it is recommended that Evans' present

action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), due to his failure to prosecute this action by complying with this Court's lawful order dated October 6, 2020.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of November, 2020.

    s/P. Bradley Murray  
**UNITED STATES MAGISTRATE JUDGE**